IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

AUGUST 1998 SESSION

FILED

August 17, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9710-CR-00393 |
| | ) | |
| Appellee | ) | SHELBY COUNTY |
| | ) | |
| v. | ) | HON. CAROLYN WADE BLACKETT |
| | ) | JUDGE |
| RICKY FULLER, | ) | |
| | ) | PROBATION |
| Defendant/Appellant | ) | |

FOR THE APPELLANT:

Charles E. Waldman
147 Jefferson, Suite 1102
Memphis, TN 38103

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Douglas D. Himes
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

OPINION FILED _____

AFFIRMED
JOHN K. BYERS
SENIOR JUDGE

**O P I N I O N**

The defendant entered pleas of guilty to possession of cocaine and was sentenced to serve 45 days and pay a fine of $500.00; possession of marijuana and was sentenced to serve 45 days and pay a fine of $500.00; violation of the habitual motor vehicle offender act and was sentenced to serve one year and pay a fine of $500.00. The two drug sentences were ordered to be served concurrently and the habitual motor vehicle offender conviction was ordered to be served consecutive thereto.

The defendant asks that he be placed on intensive probation which the trial court denied.

The action of the trial judge is so overwhelmingly supported by the record in this case that writing an opinion is almost frivolous.

The pre-sentence report of the defendant shows seven pages filled with convictions for drug offenses, various offenses for driving on a revoked license, and at least one probation revocation. The record further shows a previous conviction for being a habitual motor vehicle offender.

While on bond for the drug offense subject to this case, the defendant was convicted for speeding, reckless driving, driving on a suspended license while being a habitual motor vehicle offender, and leaving the scene of an accident.

There is no need to cite any case or statutory law on the defendant's behalf because none will rescue him from his self-imposed dilemma. There is no need to cite any case or statutory law to support the correctness of the trial judge's ruling because the convictions of the defendant speak so loudly on the appropriateness of the sentences that no citation to authority would enhance the correctness of the trial judge's ruling.

The judgment is affirmed.

_____
                          John K. Byers, Senior Judge

CONCUR:


_____
David H. Welles, Judge


_____
Jerry L. Smith, Judge